UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRY MILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-00526-JPH-TAB |
| | ) |
| SAVINO, | ) |
| | ) |
| Defendant. | ) |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Terry Miles is a prisoner currently incarcerated at Correctional Industrial Facility ("CIF"). He filed this civil action against the doctor employed at CIF because she allegedly refused to provide any treatment for his severe shoulder injury.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint and Discussion of Claims

The complaint alleges that the plaintiff has been attempting to get medical treatment for a severe shoulder injury, but Dr. Savino has failed to provide any pain medication or an MRI. The plaintiff seeks injunctive relief, specifically medical care for his shoulder, and compensatory and punitive damages. Applying the screening standard to the factual allegations in the complaint, the Eighth Amendment claim of deliberate indifference **shall proceed** against Dr. Savino. This is the only viable claim identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through August 6, 2021,** in which to identify those claims.

## III. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Dr. Savino in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry. Defendant Dr. Savino is understood to be an employee of Wexford of Indiana, LLC. A copy of this Entry and the process documents shall also be **served on Wexford electronically**. Wexford is **ORDERED** to provide the full name and last known home address of the defendant if the defendant does not waive service if Wexford has such information. This information may be provided to the Court informally or may be filed *ex parte*.

**SO ORDERED.**

Date: 6/25/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TERRY MILES
141256
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Electronic service to Wexford of Indiana, LLC

Dr. Savino
Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, IN 46064